UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY LEFKOWTIZ,<br><br>        Plaintiff,<br><br>    v.<br><br>SCYTL USA, et al.,<br><br>        Defendants. | Case No. 15-cv-05005-JSC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 8 |

Plaintiff Gary Lefkowitz ("Plaintiff") seeks to collect on a judgment against his former employer for unpaid wages. He alleges that Defendants Scytl, Scytl USA, Nauta USA Corp. ("Nauta USA"), and Nauta Capital (collectively, "Defendants") are Plaintiff's former employer's successors, and thus liable for the former employer's failure to pay Plaintiff's wages. Now pending before the Court is Defendants' motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction and under Rule 12(b)(6) for failure to state a claim. (Dkt. No. 8.) Plaintiff argues that the Court has personal jurisdiction over Defendants under the theory of successor liability. (Dkt. No. 17.) After carefully considering the parties' pleadings, and having had the benefit of oral arguments, Defendants' motion to dismiss for lack of personal jurisdiction is GRANTED without leave to amend. Plaintiff's successor liability jurisdiction argument is unavailing and he has otherwise failed to establish personal jurisdiction over Defendants.

# BACKGROUND[1]

Plaintiff Gary Lefkowitz is a natural person residing in California. (Complaint ¶ 1.) In August 2010, Plaintiff began working at Kinamik Data Integrity, Inc. ("Kinamik") as the Vice President of Marketing. (*Id.* ¶ 12.) Kinamik was a Delaware corporation based in Redwood City, California. (*Id.* ¶¶ 13, 20.)

The following year, Kinamik and Venture Lending & Leasing VI, Inc. ("Venture") entered into a Loan Agreement. (*Id.* ¶ 14.) Kinamik did not abide by the terms of the Loan Agreement. (*Id.* ¶ 15.) Meanwhile, in October 2012, Kinamik stopped paying Plaintiff his wages. (*Id.* ¶ 16.) In response to Kinamik's default on the Loan Agreement, on March 21, 2013 Venture repossessed collateral that belonged to Kinamik, including the company's proprietary software and intellectual property ("IP"). (*Id.* ¶ 17.) Ten days later, Kinamik terminated Plaintiff. (*Id.* ¶ 18.) In April 2013, Plaintiff received a letter from Kinamik stating that the company was closed and had no assets to pay its creditors, specifically advising Plaintiff that "it is not necessary to send or file a claim to [Kinamik] or file a claim against [Kinamik] for amounts you are owed." (*Id.* ¶ 19.) In July 2013, Kinamik filed a Certificate of Dissolution in Delaware. (*Id.* ¶ 20 & Ex. 1.)

In January 2014, Plaintiff filed a claim with the office of the California Labor Commissioner ("Labor Commissioner") seeking unpaid wages from Kinamik. (*See* Dkt. No. 1-2.) In May 2014, after Kinamik failed to appear at a hearing on the matter, the Labor Commissioner issued an Order, Decision or Award against Kinamik for Plaintiff's unpaid wages in the amount of $114,330.25. (Complaint ¶¶ 21, 31 & Ex. 2 at 3-4.) At some point thereafter, Plaintiff filed an action against Kinamik in San Mateo County Superior Court to recover the unpaid wages. (Complaint ¶ 22 & Ex. 3.) In July 2014, the San Mateo County Superior Court entered a judgment

---

[1] The following facts are based on the complaint allegations alone. While Defendants alleged a number of new facts in their motion to dismiss, they did so only in attorney argument and not in the form of an affidavit detailing the facts. (*See, e.g.*, Dkt. No. 8 at 8:1-2 (Nauta USA dissolved in 2012 and is not and never was registered to do business in California); *id.* at 4 (Scytl provides secure electronic voting solutions).) Plaintiff objected to those facts, contending that the Court's consideration is limited to the four corners of the complaint on a motion to dismiss. While a Court can consider materials outside the pleadings on a 12(b)(2) motion as discussed in more detail below, it only considers facts averred in affidavits. *Doe v. Unocal Corp.* 248 F.3d 915, 922 (9th Cir. 2001). Accordingly, Plaintiff's objection to those new facts is well taken, but not for the reasons Plaintiff advanced.

against Kinamik in the amount of $116,298.61.  (*Id.*)

In October 2015, Plaintiff brought this enforcement action against Scytl, Scytl USA, Nauta USA, and Nauta Capital.  (*Id.* ¶¶ 1-6.)  The Complaint brings a single cause of action for successor liability on the grounds that Defendants "took Kinamik's assets, assumed some of Kinamik's former clients, and hired some of Kinamik's former employees" and are therefore jointly and severally liable for Plaintiff's unpaid Kinamik wages and, thus, for the unfulfilled San Mateo Superior Court judgment.  (*Id.* ¶¶ 2, 29-43.)

According to the Complaint, Scytl is headquartered in Barcelona, Spain.  (*Id.* ¶ 4.)  Scytl originally developed and utilized Kinamik's proprietary software and IP, and when Kinamik was still a viable company, it interacted with Scytl on a regular basis and the two functioned as sister companies.  (*Id.* ¶ 24.)  Venture transferred Kinamik's proprietary software and IP to Scytl in exchange for Scytl stock.  (*Id.* ¶¶ 23, 36.)  After Kinamik dissolved, Scytl hired some of Kinamik's research and development, and sales employees, including the software engineer and sales support engineer.  (*Id.* ¶ 27.)  Scytl currently provides Telefonica, Kinamik's former client, with the same or similar software maintenance and enhancement services that Kinamik provided.  (*Id.* ¶ 28.)  Scytl shared a board member, Carles Ferrer, with Kinamik and Nauta Capital.  (*Id.* ¶ 25.)

Scytl is the parent company of Scytl USA.  (*Id.* ¶¶ 3-4.)  Scytl USA has offices in Oklahoma and Florida, but is not registered to do business in those states, or in Delaware or California.  (*Id.* ¶ 3.)

Nauta Capital was the majority shareholder of Kinamik before Kinamik dissolved, and is still a major shareholder of, and major investor in, Scytl.  (*Id.* ¶¶ 6, 26.)  Kinamik and Nauta Capital shared two board members, Jordi Vinas and Carles Ferrer.  (*Id.* ¶ 25.)  Vinas is a former board member of Scytl while Ferrer is a current board member of Scytl.  (*Id.*)  Nauta Capital is headquartered in Barcelona, Spain.  (*Id.* ¶¶ 5-6.)

Nauta USA is a subsidiary of Nauta Capital.  (*Id.* ¶ 5.)  Nauta USA has an office in Massachusetts and is registered to do business there, but is not registered to do business in California.  (*Id.* ¶ 5.)

3

## LEGAL STANDARD

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a claim for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). "Where, as here, a motion to dismiss is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts." *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 608 (9th Cir. 2010). The Court "only inquire[s] into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction." *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir.1995). To make a prima facie showing, "the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). "Uncontroverted allegations in the complaint must be taken as true, and conflicts over statements contained in affidavits must be resolved in [plaintiff's] favor." *Love*, 611 F.3d at 608.

Under Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted "based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008). When evaluating a motion to dismiss, the court "must presume all factual allegations of the [c]omplaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A court may dismiss a case without leave to amend only if the plaintiff cannot

4

1    cure the defect by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).  Because the

2    Court here is sitting in diversity it applies California substantive law.  *Gasperini v. Center for*

3    *Humanities, Inc.*, 518 U.S. 415, 427 (1996) ("[F]ederal courts sitting in diversity jurisdiction apply

4    state substantive law and federal procedural law.").

## DISCUSSION

### A.   Personal Jurisdiction

Defendants contend that the Court lacks general and specific personal jurisdiction over them through their own contacts with California and that Plaintiff's successor liability theory fails as a matter of law and therefore cannot serve as a basis for jurisdiction either.  Plaintiff fails to respond to Defendants' argument that the Court lacks general and specific personal jurisdiction over Defendants and therefore concedes that such is the case.  *See Ardente v. Shanley*, No. 07-4479 MHP, 2010 WL 546485, at *6 (N.D. Cal. Feb. 9, 2010) ("Plaintiff fails to respond to this argument and therefore concedes it through silence.").  Even absent such concession, the Court finds that it lacks general and specific personal jurisdiction over Defendants.  As for general jurisdiction, Plaintiff fails to allege any facts that establish that any of the Defendants engaged in "continuous and systematic general business contacts" that "approximate physical presence in the forum state."  *Schwarzenegger*, 374 F.3d at 801 (internal citations and quotation marks omitted).  None of the Defendants is headquartered in California or registered to do business here, nor are there allegations that Defendants actually conduct business here.  As for specific jurisdiction, Plaintiff similarly fails to allege any facts to show that Defendants purposefully availed themselves of the privilege of doing business in California (or that they do business here at all), or that Plaintiff's claim arises out of or relates to Defendants' forum-related activities.  *Id.* at 803 (internal citations and quotation marks omitted).

Plaintiff argues instead that personal jurisdiction arises from his allegations of successor liability.  A court "will have personal jurisdiction over a successor company if (1) the court would have had personal jurisdiction over the predecessor[;] and (2) the successor company effectively assumed the subject liabilities of the predecessor."  *See CenterPoint Energy, Inc. v. Superior Court*, 157 Cal. App. 4th 1101, 1120 (2007).  In other words, if the plaintiff can establish that the

1  defendant assumed the liability at issue of an entity over which the court can exercise personal
2  jurisdiction, the court can exercise personal jurisdiction over the defendant.

### 1. The Court Would Have had Personal Jurisdiction Over Kinamik

The parties do not dispute that the Court would have had personal jurisdiction over Kinamik, the predecessor, because Kinamik was based in Redwood City, California. *See United States v. Cathcart*, No. C 07-4762 PJH (JCS), 2010 WL 1048829, at *3 (N.D. Cal. Feb. 12, 2010). Therefore, this element is met.

### 2. There is No Basis for Successor Liability

A successor company assumes liability for a predecessor's liabilities if: (1) the successor expressly or impliedly agrees to assume the subject liabilities; (2) the transaction amounts to a consolidation or merger of the successor and the predecessor (*de facto* merger); (3) the successor is a mere continuation of the predecessor; or (4) the transfer of assets to the successor is for the fraudulent purpose of escaping liability for the predecessor's debts. *Ray v. Alad Corp.*, 19 Cal.3d 22, 28 (1977). Plaintiff's argument relies solely on the "mere continuation" theory.

To find mere continuation, "California courts require evidence of one or both of the following factual elements: (1) a lack of adequate consideration for acquisition of the former corporation's assets to be made available to creditors[;] or (2) one or more persons were officers, directors, or shareholders of both corporations." *Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1150 (9th Cir. 2004); *Ray*, 19 Cal.3d at 28. Further, "a mere continuation contemplates *a direct sale of assets from the predecessor corporation to the successor corporation, not a sale from a creditor of the predecessor corporation which has taken over its assets.*" *Maloney v. Am. Pharm. Co.*, 207 Cal. App. 3d 282, 288 (1988) (emphasis added) (citing *Ray*, 19 Cal.3d at 28); *see also Katzir's*, 394 F.3d at 1151; *Agit Glob., Inc. v. Wham-O, Inc.*, No. 2:09-CV-08133-CAS JC, 2014 WL 1365200, at *5 (C.D. Cal. Apr. 7, 2014) (citation omitted); *Hargrove & Costanzo v. United States*, No. CVF-06-046LJODLB, 2007 WL 2409590, at *5 (E.D. Cal. Aug. 21, 2007). These requirements are consistent with the doctrine "that a business should not be allowed to defraud its creditors by simply changing its form." *Hargrove & Costanzo*, 2007 WL 2409590, at *4.

Here, Plaintiff satisfies the second factual element of mere continuation as to two defendants, Nauta Capital and Scytl, by alleging that these entities shared two board members with Kinamik. (Complaint ¶ 39.) However, the main dispute is whether Plaintiff's allegations satisfy the first factual element of mere continuation. They do not. No allegations plausibly suggest that any defendant acquired Kinamik's assets for inadequate consideration, let alone that they directly acquired such assets. Scytl's acquisition of Kinamik's proprietary software and IP is insufficient to state a claim. First, the initial transaction whereby Kinamik transferred its assets was between Kinamik and Venture, a third-party creditor that repossessed Kinamik's assets because it defaulted on the Loan Agreement. (Complaint ¶ 17.) Scytl subsequently acquired the software and IP from Venture, not from Kinamik, in exchange for Scytl stock. (*Id.* ¶¶ 23, 36.) Thus, there is no direct sale of Kinamik's assets from Kinamik to any defendant, which is fatal to Plaintiff's mere continuation argument. *See Katzir's*, 394 F.3d at 1151 (citing *Maloney*, 207 Cal. App. 3d at 288); *see also Agit Glob., Inc.*, 2014 WL 1365200 at *5 (finding that where assets were acquired through foreclosure then sold to alleged successors, mere continuation does not exist because the assets were not acquired via a direct sale).

Second, even apart from the lack of a direct transfer of assets, Plaintiff fails to plausibly allege that any transaction was for inadequate consideration. Plaintiff alleges that Venture repossessed collateral that belonged to Kinamik, including the company's proprietary software and IP, *in response to Kinamik's default on the Loan Agreement*. (Complaint ¶ 17.) Nothing about such a transaction suggests inadequate consideration supporting successor liability. As for the Venture-to-Scytl transaction, Plaintiff concedes that Scytl paid Venture for Kinamik's proprietary software and IP with Scytl stock. (*Id.* ¶ 23.) Citing *Marks v. Minnesota Mining & Mfg. Co.*, 187 Cal. App. 3d 1429, 1435 (1986), Plaintiff argues that "[c]ourts have frowned on any payment method that uses stock to purchase another company's assets, instead of cash." (Dkt. No. 17 at 4.) However, *Marks* analyzed whether there was a *de facto* merger, not mere continuation as posited here. 187 Cal. App. 3d at 1435. But even if *Marks'* rationale applies, *Marks* still does not help Plaintiff because the court noted that "a purchaser of assets" assumes the seller's liabilities "where the consideration consists wholly of shares of the purchaser's stock *which are promptly distributed*

7

*to the seller's shareholders in conjunction with the seller's liquidation."* *Id.* (emphasis added) (citation omitted). The Complaint does not allege that the Scytl stock Venture received in exchange for Kinamik's software and IP was then distributed to Venture's shareholders in conjunction with Venture's liquidation. Indeed, there are no facts from which the Court can reasonably infer that Venture was liquidated at all.

But again, even if the sale from Venture to Scytl was for inadequate consideration, the relevant inquiry is the sale from Kinamik to Venture. *See Katzir's*, 394 F.3d at 1151. Plaintiff cites no case, and the Court is aware of none, in which an entity that purchased assets from another entity that had previously acquired the assets from the judgment debtor, was found liable as the mere continuation of the judgment debtor. Further, there are no allegations that any other defendant acquired property from Kinamik, so this prong of mere continuation fails as to the other defendants, as well.

Because there is no basis for jurisdiction through Defendants' own contacts in California and not enough alleged facts to demonstrate successor liability to impute Kinamik's contacts to Defendants, Defendants' motion to dismiss for lack of personal jurisdiction must be granted.

**B.**     **Defendants' Rule 12(b)(6) Motion**

Since the Court lacks personal jurisdiction over Defendants and their motion to dismiss for lack of personal jurisdiction is granted, the Court need not address Defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim.[2] *See, e.g.*, *Bubble Genius LLC v. Smith*, No. CV 15-0066 PA (FFMX), 2015 WL 4399483, at *6 (C.D. Cal. July 17, 2015).

## CONCLUSION

In sum, Plaintiff has failed to make a prima facie showing that the Court can exercise general or specific jurisdiction over Defendants based on their conduct in California, or that the Court has personal jurisdiction over Defendants predicated on successor liability. The Court thus lacks personal jurisdiction over Defendants and, accordingly, GRANTS their motion to dismiss for lack of personal jurisdiction. The dismissal shall be without leave to amend since amendment

---

[2] In any event, the Rule 12(b)(6) analysis would be very similar to, if not the same as, the successor liability personal jurisdiction analysis above.

would be futile. Plaintiff cannot allege a transfer of inadequate assets from Kinamik to any defendant and at oral argument Plaintiff had no other theory to support personal jurisdiction.

**IT IS SO ORDERED.**

Dated: February 11, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge